IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-02265 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| C.O. R. GARRISON, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

July 26, 2007

**BACKGROUND:**

Plaintiff, formerly an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed this instant pro se civil rights action on November 21, 2006.  Plaintiff alleged First Amendment and Eighth Amendment violations against defendants Hogsten and Garrison for an assault he allegedly suffered on November 9, 2006.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On January 9, 2007, we adopted in full the magistrate judge's report and recommendation and dismissed plaintiff's claim against defendant Hogsten.  The remaining defendant has filed a summary judgment motion, to which plaintiff has

1

responded.[1]  On July 6, 2007, the magistrate judge issued another report and recommendation, which recommends we grant the defendant's motion for summary judgment and dismiss this matter because plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a).

The plaintiff has not filed any objections to the magistrate judge's report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

We will adopt the magistrate judge's report and recommendation in full.  As the magistrate judge noted, the plaintiff's complaint is subject to the administrative exhaustion requirements of  42 U.S.C. § 1997e(a).  The Bureau of Prisons ("BOP") requires an inmate to file his administrative request within twenty days following the date on which the basis for the remedy occurred.  The defendant has provided

---

[1] Plaintiff filed the same exact opposition brief in three other cases he has pending before this court, namely Case Nos. 06-1665, 06-1698, and 06-2051.  We find plaintiff has failed to exhaust his administrative remedies in each case and we either have or will issue orders in each case accordingly.

2

evidence that establishes that the plaintiff has filed two potentially relevant administrative grievances since November 9, 2006 - the date on which the alleged assault occurred.  Both grievances were not filed correctly, and the plaintiff was subsequently given an opportunity to re-file but failed to do so.  Further, given that this suit was filed within days after plaintiff filed his two administrative grievances, it is virtually impossible for these grievances to have been exhausted. Although the defendant is not exactly sure which, if any, of these two grievances pertained to this lawsuit, it is clear that plaintiff has not adequately exhausted his administrative remedies as required.  For the purpose of judicial economy, we will not rehash the rest of the magistrate judge's sound reasoning in reaching his recommendation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The court adopts in full United States Magistrate Judge Thomas M. Blewitt's report and recommendation.  (Doc. Rec. No. 20.)

2.    Defendant Correction Officer R. Garrison's summary judgment motion is granted.

3.    Final judgment is entered in favor of defendant Garrison and against the plaintiff for failure to exhaust administrative remedies.

4.    The clerk is directed to close the case file.

5.    Any appeal from this order is not taken in good faith.


        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge